IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MARVIN M. HOLMES, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civ. No. 13-1101-RGA |
| | : | |
| ATTORNEY GENERAL OF THE | : | |
| STATE OF DELAWARE, et al., | : | |
| | : | |
| Defendants. | : | |

Marvin M. Holmes, Howard R. Young Correctional Institution, Wilmington, Delaware, Pro Se Plaintiff.

**MEMORANDUM OPINION**

September 30 , 2013
Wilmington, Delaware

*[signature]*
**ANDREWS, U.S. District Judge:**

Plaintiff Marvin M. Holmes, an inmate at the Howard R. Young Correctional Institution, Wilmington, Delaware, filed this action pursuant to 42 U.S.C. § 1983. He appears *pro se* and has been granted leave to proceed *in forma pauperis* (D.I. 5). The Court proceeds to review and screen the Complaint pursuant to 28 U.S.C. §1915(e)(2)(b) and § 1915A(a).

On May 24, 2012, Plaintiff appeared in the Superior Court in and for New Castle County, Delaware, for a violation of probation hearing. Plaintiff alleges that he had "absolutely no criminal charge." Plaintiff complains that a representative from the Prosecutor's Office attended the "technical" VOP hearing and spoke against him to the judge and conveyed to the judge that Plaintiff was guilty of a crime, "even without criminal charges." (D.I. 3.) Plaintiff alleges that a representative from the Public Defender's Office told him that he was there to provide legal representation, but he did not defend Plaintiff. Plaintiff asks the court to rescind the sentence imposed on May 24, 2012, and seeks compensatory and punitive damages. On August 12, 2013, Plaintiff filed a motion to dismiss criminal charges (D.I. 8). Attached as an exhibit to the motion is a reindictment charging Plaintiff with escape after conviction in violation of 11 Del. C. § 1253.

This Court must dismiss, at the earliest practicable time, certain *in forma pauperis* and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant). The Court must accept all factual

allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *See Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint, unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Iqbal*, 556 U.S. at 678. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11.

Second, the Court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege the plaintiff's entitlement to relief; rather, it must "show" such an entitlement with its facts. *Id.* A claim is facially plausible when

2

its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged. See *Iqbal*, 556 U.S. at 678. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.''" *Id.* (quoting *Twombly*, 550 U.S. at 570).

Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted).

To the extent that Plaintiff attempts to challenge his conviction and/or sentence, his sole federal remedy for challenging the fact or duration of his confinement is by way of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475 (1973); *see also Torrence v. Thompson,* 435 F. App'x 56 (3d Cir. 2011). In addition, Plaintiff cannot recover under § 1983 for an alleged wrongful incarceration unless he proves that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

The Complaint does not allege that Plaintiff's conviction or sentence was reversed or invalidated as provided by *Heck*. To the extent Plaintiff seeks damages for his current incarceration, his claim rests on an "inarguable legal conclusion" and is, therefore, frivolous. *Neitzke*, 490 U.S. at 326.

Plaintiff's claims against the Superior Court in and for New Castle County, Delaware and the Public Defender's Office of the State of Delaware are barred by the State's Eleventh Amendment immunity.[1] *See MCI Telecom. Corp. v. Bell Atl. of Pa.*, 271 F.3d 491, 503 (3d Cir. 2001). The Eleventh Amendment of the United States Constitution protects an unconsenting state or state agency from a suit brought in federal court by one of its own citizens, regardless of the relief sought. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996); *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89 (1984). The State has not waived its immunity from suit in federal court, and, although Congress can abrogate a state's sovereign immunity, it did not do so through the enactment of 42 U.S.C. § 1983. *See Brooks-McCollum v. Delaware*, 213 F. App'x 92, 94 (3d Cir. 2007). Finally, dismissal is proper because the Superior Court and the Office of the Public Defender are not persons for purposes of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989).

The Complaint contains no allegations that give rise to the personal involvement of Joseph R. Biden, III, the Attorney General of the State of Delaware, with regard to Plaintiff's claims. Moreover, the Attorney General and his deputies are immune from suit. A prosecutor enjoys absolute immunity from liability for actions taken in connection with judicial proceedings. *See Odd v. Malone*, 538 F.3d 202, 208 (3d Cir. 2008), *aff'd sub. nom., Schneyder v. Smith*, 653 F.3d 313 (3d Cir. 2011). This includes activities conducted in court, such as presenting evidence or legal arguments. *Giuffre*

---

[1]The Office of the Public Defender is an agency of the State of Delaware, created by the General Assembly to represent indigent defendants in criminal cases. 29 Del. C. § 4602.

*v. Bissell*, 31 F.3d 1241, 1251 (3d Cir. 1994) (citing *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Prosecutorial activities outside the courtroom receive the same protection if they are "intimately associated with the judicial phase of the criminal process." *Van de Kamp v. Goldstein*, 555 U.S. 335, 341 (2009) (quoting *Imbler*, 424 U.S. at 430).

The fact that an individual is employed as a prosecutor does not mean the prosecutor is immune from suit for every wrong committed. *See Schneyder v. Smith*, 653 F.3d 313, 331 (3d Cir. 2011). The "inquiry focuses on 'the nature of the function performed, not the identity of the actor who performed it.'" *Odd*, 538 F.3d at 208 (quoting *Light v. Haws*, 472 F.3d 74, 78 (3d Cir. 2007)). "The court must ascertain just what conduct forms the basis for the plaintiff's cause of action, and it must then determine what function (prosecutorial, administrative, investigative, or something else entirely) that act served." *Id.* The court "focuses on the unique facts of each case" and carefully dissects the prosecutor's actions. *Id.* (citations omitted).

The Complaint does not refer to acts taken by the Attorney General during the criminal process but, instead, refers to the actions of "a representative from the Prosecutor's Office." The acts of which Plaintiff complains took place during the VOP hearing, are clearly acts occurring during a judicial proceeding, and are acts that required advocacy on the part of the prosecuting attorney. Accordingly, the claims will be dismissed as frivolous and by reason of prosecutorial immunity.

Finally, to the extent that Plaintiff names the attorney from the Public Defender's Office who appeared to represent Plaintiff at the VOP hearing, the claim fails. When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state

5

law. *West v. Atkins,* 487 U.S. 42, 48 (1988).   Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981).

For the above reasons, the complaint will be dismissed as frivolous and by reason of Defendants' immunity from suit pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (iii) and §§ 1915A(b)(1) and (2).  The Court finds that amendment is futile.

Plaintiff's motion to dismiss the criminal charges (D.I. 8) will therefore be dismissed as moot.

An appropriate order will be entered.